**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**DARRYL E. PHILLIPS,**

       **Plaintiff,**

**-vs-**                                       **Case No. 3-:05-CV-292**

**TEAMSTERS LOCAL UNION NO. 957, et al.,**

                                                              **Judge Thomas M. Rose**

       **Defendants.**

**ENTRY AND ORDER OVERRULING DEFENDANTS' MOTION FOR RECONSIDERATION AS UNAUTHORIZED BY THE FEDERAL RULES OF CIVIL PROCEDURE**

Now before the Court is Local 957's motion for reconsideration of this Court's order denying summary judgment (the "Order"). Doc. #47. Local 957 seeks reconsideration of the Order pursuant to Fed.R.Civ.P. 59(e).

The Order overruling Local 957's Motion for Summary Judgment (doc. #46) was entered by the Court on December 19, 2006. Local 957's motion to reconsider was filed on January 3, 2003. A response to Local 957's motion was due not later than January 27, 2007, and none has been filed. Local 957's motion is, therefore, ripe for consideration.

Local 957's motion is brought pursuant to Rule 59(e). Rule 59(e) provides: "A motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e). The term "judgment" as used in the Federal Rules of Civil Procedure is defined in Rule 54(a). Rule 54(a) defines a judgment as "a decree and any order from which an appeal lies." Fed.R.Civ.P. 54(a). Thus, the word judgment encompasses final judgments and

appealable interlocutory orders. *See Financial Services Corp. of the Midwest v. Weindruch*, 764 F.2d 197, 198 (7th Cir. 1985); *Morgan Guaranty Trust Co. of New York v. Third National Bank of Hampden County*, 545 F.2d 758, 760 (1st Cir. 1976).

The requirement of a judgment as a prerequisite to a Rule 59(e) motion protects against the possibility of piecemeal review. *Balla v. Idaho State Board of Corrections*, 869 F.2d 461, 467 (9th Cir. 1989). The requirement protects against piecemeal review because the denial of a Rule 59(e) motion is itself a final, appealable judgment. *Id.* (citing *Walker v. Bank of America National Trust & Savings Association*, 268 F.2d 16, 25 (9th Cir. 1959), *cert. denied*, 361 U.S. 903 (1959)). Thus, were 59(e) motions permitted without entry of judgment, litigant could obtain appellate review of partial judgments by appealing a Rule 59(e) order. *Id.*

In this case, the Order denies summary judgment to Local 957. It is, therefore, interlocutory and not a final appealable order. Thus, Local 957's alleged Rule 59(e) motion is not authorized by the Federal Rules of Civil Procedure and must be overruled. *See Loomis v. Chrysler Corp.*, 4 Fed. Appx. 214, 215 (6th Cir. 2001) (Sixth Circuit upheld district court's denial of a motion to alter or amend judgment because no final judgment had been entered.)

District courts have discretion to reconsider their interlocutory orders at any time, *Leelanu Wine Cellars Ltd. v. Black & Red, Inc.*, 118 Fed. Appx. 942 (6th Cir. 2004), and the Defendants wish the Court to reconsider the Order now. However, the Defendants have identified no clear error of law, they have presented no newly discovered evidence, they have provided no intervening change in controlling law and that have identified no manifest injustice in the interlocutory Order. Therefore, the Court will not exercise its discretion to reconsider the Order.

The Defendants' Rule 59(e) motion is overruled, not on the merits, but because it is not authorized by the Federal Rules of Civil Procedure. Further, the Court, in its discretion, elects not to reconsider its interlocutory order.

**DONE** and **ORDERED** in Dayton, Ohio, this Thirty-First day of January, 2007.

                                                s/Thomas M. Rose

                                                THOMAS M. ROSE
                                        UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Darryl Phillips
1771-D Arlin Place
Fairborn, OH 45324